Bobby Ray GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-94-00112-CR.

Court of Appeals of Texas,
El Paso.

June 9, 1994.

Rhonda Grimm, Odessa, for appellant.

John W. Smith, Dist. Atty., Odessa, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

### OPINION

PER CURIAM.

This is an attempted appeal from a judgment of conviction for the offense of murder. A jury sentenced Appellant to a term of life in the Institutional Division of the Texas Department of Criminal Justice. The issue before us is whether Appellant timely filed his notice of appeal. We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

### I. PROCEDURAL HISTORY

The record in the instant case reveals that Appellant was tried and convicted for the offense of murder, as a habitual offender. The jury sentenced Appellant to a term of life on March 24, 1994. The judgment and sentence were signed and entered by the trial court on April 4, 1994. A motion for new trial was filed on April 28, 1994[1] and notice of appeal was filed on May 6, 1994. On May 9, 1994, the trial court heard Appellant's motion for new trial which was overruled that same day. On May 10, 1994, Appellant filed his motion for extension of time in which to file notice of appeal.

---

1. A motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is **imposed or suspended in open** court. Tex.R.App.P. 31(a)(1). [Emphasis added].

## II. DISCUSSION

TEX.R.APP.P. 41(b)(1) reads as follows:

(1) *Time to Perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty *(fifteen by the state)* days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.

 When a defendant appeals from a conviction in a criminal case, the time to file notice of appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence is signed and entered by the trial court. *Rodarte v. State,* 840 S.W.2d 781, 784–85 (Tex.App.—San Antonio 1992), *aff'd,* 860 S.W.2d 108, 109 (Tex.Crim. App.1993). As noted in the procedural history above, sentence was imposed in open court on March 24, 1994. Consequently, the last date allowed for filing of notice of appeal was April 23, 1994, thirty days after the day such sentence was imposed in open court. No motion for extension of time in which to file notice of appeal was timely filed. Further, Appellant's motion for new trial was untimely filed on April 28, 1994, five days late. In addition, Appellant's motion for extension of time in which to file notice of appeal was likewise untimely filed.[2] TEX.R.APP.P. 41(b)(2).

■ Because Appellant's notice of appeal came forty-three days after the day sentence was imposed in open court, it was untimely under Rule 41(b)(1). Consequently, this Court lacks the requisite jurisdiction over the appeal. We dismiss Appellant's attempted appeal for want of jurisdiction.[3]

2. An extension of time for filing notice of appeal may be granted by the court of appeals if such motion is filed with the clerk of the court of appeals and such late notice of appeal is filed with the clerk of the trial court within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension. TEX.R.APP.P. 41(b)(2). In the instant case, the last day allowed for the filing of notice of appeal was April 23, 1994, thirty days from the date of imposition of sentence in open court.

3. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex. Crim.App.1991); *Charles v. State,* 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.). If this Court lacks jurisdiction to consider an appeal, then the Court of Criminal Appeals has no jurisdiction to grant an out-of-time appeal upon the filing of a petition for discretionary review. *Cf. Miles v. State,* 780 S.W.2d 215 (Tex. Crim.App.1989) (since notice of appeal was never filed, the court of appeals lacked jurisdiction and the petition for discretionary review was dismissed rather than denied). *See also Rodarte v. State,* 840 S.W.2d at 785, n. 4.