In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00173-CR


______________________________




JAMES CHARLES PORTLEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29363-B-H-1




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 James Charles Portley appeals his conviction for attempted robbery. Portley pleaded guilty
without a plea bargaining agreement, and the trial court sentenced him to ten years' imprisonment. 
The record shows the trial court pronounced sentence on April 15, 2002. Portley filed a motion for
new trial on July 3, 2002. He filed his Notice of Appeal on September 10, 2002.

 Rule 26.2 requires a notice of appeal to be filed "within 30 days after the day sentence is
imposed or suspended in open court" or "within 90 days after the day sentence is imposed or
suspended in open court if the defendant timely files a motion for new trial." Tex. R. App. P. 26.2. 
Portley's motion for new trial was untimely, having been filed more than thirty days after his
sentence was imposed. See Tex. R. App. P. 21.4(a). His Notice of Appeal is also untimely, having
also been filed more than thirty days after his sentence was imposed.

 The record contains an Application for a Writ of Habeas Corpus to the Texas Court of
Criminal Appeals in which Portley asserts he is being denied his right to appeal because his
appointed counsel did not receive notice of her appointment until after the time ran for filing the
notice of appeal. The record also contains the trial court's Order Granting Relief in which the trial
court states Portley "should be granted an out of time appeal, with all appellate timetables beginning
from the date of this order."

 The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from
the Texas Court of Criminal Appeals pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2002). Ashorn v. State, 77 S.W.3d 405, 409 (Tex. App.-Houston [1st Dist.] 2002, pet. filed);
Rivera v. State, 940 S.W.2d 148, 149 (Tex. App.-San Antonio 1996, no pet.); George v. State, 883
S.W.2d 250, 251 n.3 (Tex. App.-El Paso 1994, no pet.); see also Olivo v. State, 918 S.W.2d 519,
525 n.8 (Tex. Crim. App. 1996) ("denial of a meaningful appeal due to ineffective assistance of
counsel is a proper grounds [sic] for habeas corpus relief"). There is no order in the record from the
Texas Court of Criminal Appeals granting Portley an out-of-time notice of appeal. Therefore,
because his Notice of Appeal is untimely, this court is without jurisdiction over the appeal. Olivo,
918 S.W.2d at 522.

 The appeal is dismissed for want of jurisdiction.




 Ben Z. Grant

 Justice


Date Submitted: September 30, 2002

Date Decided: October 1, 2002


Publish



nt-family: 'Times New Roman', serif">            "A trial court must rule on a motion for new trial within 75 days after imposing or suspending
sentence in open court." Tex. R. App. P. 21.8(a). "A motion not timely ruled on by written order
will be deemed denied when the period described in (a) expires." Tex. R. App. P. 21.8(c). In this
case, the trial court did not orally rule on Harris' motion for new trial until October 18. The trial
court's written order was not entered until November 18, 2003. The Texas Rules of Appellate
Procedure require an order granting a motion for new trial to be filed by a written order within
seventy-five days after the imposition or suspension of sentence. Tex. R. App. P. 21.8(a),(b). In this
case, the trial court's written order was not signed until almost five full months after the trial court
imposed sentence. Therefore, the trial court was without jurisdiction to grant a new trial. Moreover,
Harris' motion for new trial must be deemed to have been denied when the period of seventy-five
days following the imposition of sentence expired. See Tex. R. App. P. 21.8(c). Accordingly, the
trial court's order granting Harris' amended motion for new trial is void.
            Nonetheless, the record before us clearly establishes that significant portions of the reporter's
record are missing, that Harris is not to blame for the missing portions of the record, that the missing
portions of the reporter's record are necessary to Harris' appeal, and that the lost portions of the
reporter's record are not capable of being replaced by the agreement of the parties. See Tex. R. App.
P. 34.6(f). Under such conditions, the Texas Rules of Appellate Procedure entitle an appellant to
receive a new trial. See id.
            We gave the parties ten days to show cause why Harris' conviction should not be reversed
and the cause remanded for a new trial pursuant to Rule 34.6(f) of the Texas Rules of Appellate
Procedure. We have received no response. The trial court entered written findings, approved by the
State and by Harris' trial counsel, stating Harris should receive a new trial because significant and
relevant portions of the record of the proceedings below have been lost, and this loss was not the
fault of Harris. 
            Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 17, 2003
Date Decided:             December 18, 2003

Do Not Publish