COURT OF APPEALS









 

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ROBERT JAMES HARRIS,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00359-CR
  
 Appeal from the
  
 143rd
 District Court
  
 of Ward
 County, Texas
  
 (TC#
 01-02-4362-CRW)
 
 




 

O P I N I O N

 

This is an attempted appeal from a
judgment of conviction for the offense of aggravated assault with a deadly
weapon.  Appellant pleaded guilty to the
offense and was granted deferred adjudication. 
The State filed a motion to adjudicate and, after a hearing, the court
adjudicated Appellant guilty and sentenced him to eleven (11) years= imprisonment and a fine of
$5,000.  The issue before us is whether
Appellant timely filed his notice of appeal. 
We conclude that he did not and dismiss the attempted appeal for want of
jurisdiction.

The record reflects that the trial
court imposed sentence in open court on July 1, 2002.  Appellant did not file a motion for new trial
and he filed his notice of appeal on August 12, 2002.  








A timely notice of appeal is
necessary to invoke this Court=s jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Tex. R. App. P. 26.2(a) prescribes the time period in which
notice of appeal must be filed by the defendant in order to perfect appeal in a
criminal case:

(a) By the Defendant.  The notice of appeal must be filed:

 

(1) within 30 days after the day sentence is imposed
or suspended in open court, or after the day the trial court enters an appealable order; or

 

(2) within 90 days after the
day sentence is imposed or suspended in open court if the defendant timely
files a motion for new trial.

 

Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. 
See Tex. R. App. P.
26.2(a); Olivo, 918 S.W.2d at
522.  Rule 26.3 allows for an
exception:  A court of appeals may grant
an extension of time to file notice of appeal if the notice is filed within
fifteen days after the last day allowed and, within the same period, a motion
is filed in the court of appeals reasonably explaining the need for the
extension of time.  See Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522.  Under Rule 26.3, a late notice of appeal may
be considered timely so as to invoke a court of appeals= jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time. 
Olivo, 918 S.W.2d at
522.

When a defendant appeals from a
conviction in a criminal case, the time to file notice of appeal runs from the
date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. 
See Rodarte v. State, 860
S.W.2d 108, 109 (Tex. Crim. App. 1993); George v.
State, 883 S.W.2d 250, 251 (Tex. App.--El Paso 1994, no pet.); Reyes v.
State, 883 S.W.2d 291, 292 (Tex. App.--El Paso 1994, no pet.).  The last date allowed for timely filing of
the notice of appeal was July 31, 2002, thirty days after the day the sentence
was imposed in open court.  See Tex. R. App. P. 26.2(a)(1).  No motion for
extension of time pursuant to Rule 26.3 was filed.  Because Appellant did not file his notice of
appeal until August 12, 2002, and he failed to file a motion for extension of
time, he failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.

October 3, 2002

 

 

 

RICHARD BARAJAS, Chief Justice

 

 

Before
Panel No. 4

Barajas,
C.J., Larsen, and McClure, JJ.

 

(Do
Not Publish)