COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 RONALD SMOCK,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00441-CR
  
 Appeal from the
  
 238th District Court
  
 of Midland County, Texas 
  
 (TC# CR27049) 
  
 
 


OPINION
ON DISMISSAL FOR WANT OF JURISDICTION

 

In this case, Ronald Smock attempts
to appeal his conviction for burglary of a habitation.  The issue before us is whether appellant
timely filed his notice of appeal.  We
conclude that he did not and dismiss his attempted appeal for want of
jurisdiction.

The trial court imposed sentence in
open court on August 23, 2002.  No motion
for new trial was filed.  Appellant filed
his notice of appeal on September 24, 2002.

A timely notice of appeal is
necessary to invoke this Court=s jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Tex.
R. App. P. 26.2(a) prescribes the time period in which notice of appeal
must be filed by the defendant in order to perfect appeal in a criminal case:








(a) By
the Defendant.  The notice of appeal
must be filed:

 

(1)
within 30 days after the day sentence is imposed or suspended in open court, or
after the day the trial court enters an appealable order; or

 

(2)
within 90 days after the day sentence is imposed or suspended in open court if
the defendant timely files a motion for new trial.

 

Tex. R. App. P. 26.2(a).  Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day sentence is imposed or suspended in open
court.  See Tex. R. App. P. 26.2(a); Olivo,
918 S.W.2d at 522.  Under Rule 26.3, a
late notice of appeal may be considered timely so as to invoke a court of
appeals= jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time. 
Olivo, 918 S.W.2d at 522.








When a defendant appeals from a
conviction in a criminal case, the time to file notice of appeal runs from the
date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. 
See Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993); George v. State, 883 S.W.2d 250, 251 (Tex. App.--El Paso 1994, no
pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex. App.--El Paso 1994, no
pet.).  September 22, 2002 was thirty
days after the day the sentence was imposed in open court; as that was a
Sunday, notice of appeal would have been timely if  filed on the following Monday, September 23,
2002.  See Tex. R. App. P. 26.2(a)(1); Tex.
R. App. P. 4.1(a).  Smock did not
file until the next day, Tuesday, September 24. 
Moreover, he failed to file a motion for extension of time pursuant to
Rule 26.3.

Conclusion

Because appellant did not file his
notice of appeal until September 24, 2002, and he failed to file a motion for
extension of time, he failed to perfect this appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

SUSAN
LARSEN, Justice

November 7, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)