COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JOSE ANGEL
 VARA,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00426-CR
  
 Appeal from the
  
 Criminal District Court #4
  
 of Dallas County, Texas 
  
 (TC# F01-40648-IK) 
  
 
 


O P I N I O N

 

This is an attempted appeal from a
sentence suspended by the trial court in open court on May 30, 2002.  Appellant filed a motion for new trial on
July 1, 2002.  He filed his notice of
appeal on September 3, 2002.  The issue
before us is whether appellant timely filed his notice of appeal.  We conclude that he did not and dismiss the
attempted appeal for want of jurisdiction.

A timely notice of appeal is
necessary to invoke this Court=s jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Tex.
R. App. P. 26.2(a) prescribes the time period in which notice of appeal
must be filed by the defendant in order to perfect appeal in a criminal case:








(a) By
the Defendant.  The notice of appeal
must be filed:

 

(1)
within 30 days after the day sentence is imposed or suspended in open court, or
after the day the trial court enters an appealable order; or

 

(2)
within 90 days after the day sentence is imposed or suspended in open court if
the defendant timely files a motion for new trial.

 

Tex. R. App. P. 26.2(a).  Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day sentence is imposed or suspended in open
court, or within ninety days after sentencing if the defendant timely files a
motion for new trial.  See Tex. R. App. P. 26.2(a); Olivo,
918 S.W.2d at 522.  Rule 26.3 allows for
an exception:  A court of appeals may
grant an extension of time to file notice of appeal if the notice is filed
within fifteen days after the last day allowed and, within the same period, a
motion is filed in the court of appeals reasonably explaining the need for the
extension of time.  See Tex. R. App. P. 26.3; Olivo, 918
S.W.2d at 522.  Under Rule 26.3, a late
notice of appeal may be considered timely so as to invoke a court of appeals= jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time. 
Olivo, 918 S.W.2d at 522.








When a defendant appeals from a
conviction in a criminal case, the time to file notice of appeal runs from the
date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. 
See Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App.
1993); George v. State, 883 S.W.2d 250, 251 (Tex. App.--El Paso 1994, no
pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex. App.--El Paso 1994, no
pet.).  The last date allowed for timely
filing of the notice of appeal was August 28, 2002, ninety days after the day
the sentence was imposed in open court.  See
Tex. R. App. P. 26.2(a)(2).  No motion for extension of time pursuant to
Rule 26.3 was filed.  Because appellant
did not file his notice of appeal until September 3, 2002, and he failed to
file a motion for extension of time, he failed to perfect this appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

SUSAN
LARSEN, Justice

November 7, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)