In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00206-CR


______________________________




DATILLO DANIELS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01F0548-202




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Chief Justice Morriss



____________________________________________

*William J. Cornelius, C. J., Retired, Sitting by Assignment

O P I N I O N



 Datillo Daniels appeals his conviction by a jury for robbery. The punishment range was
enhanced by the jury's finding that Daniels qualified as a habitual offender. See Tex. Pen. Code
Ann. § 12.42(a)(2) (Vernon Supp. 2003). The jury assessed his punishment at forty-five years'
imprisonment.

 The record shows the trial court pronounced sentence on July 24, 2002. Daniels filed a
motion for new trial on August 23, 2002. He filed his notice of appeal on October 31, 2002.

 Rule 26.2 requires a party to file a notice of appeal "within 90 days after the day sentence is
imposed or suspended in open court if the defendant timely files a motion for new trial." Tex. R.
App. P. 26.2. Therefore, Daniels' notice of appeal was due by October 22, 2002, and this Court is
without jurisdiction over the appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1)





 

 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 20, 2002

Date Decided: November 21, 2002


Do Not Publish
1. The appropriate vehicle for seeking an out-of-time appeal is by a petition for writ of habeas
corpus from the Texas Court of Criminal Appeals pursuant to Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2003). Ashorn v. State, 77 S.W.3d 405, 409 (Tex. App.-Houston [1st Dist.]
2002, pet. filed); Rivera v. State, 940 S.W.2d 148, 149 (Tex. App.-San Antonio 1996, no pet.);
George v. State, 883 S.W.2d 250, 251 n.3 (Tex. App.-El Paso 1994, no pet.); see also Olivo v. State,
918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) ("denial of a meaningful appeal due to ineffective
assistance of counsel is a proper ground for habeas corpus relief").



fy">                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20521


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

            Kerry Larnez Rollerson attempts to appeal his convictions and sentences for burglary of a
habitation, theft of a firearm, and felon in possession of a firearm. The trial court's certification of
Rollerson's right to appeal reflects that this was not a plea bargain case and that Rollerson had the
right to appeal. The trial court imposed sentence February 25, 2005.


 No motion for new trial was
filed, and Rollerson did not file his pro se notice of appeal until April 1, 2005. 
            "The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed
notice or extension request, we must dismiss the appeal." In re K.M.Z., No. 2-04-374-CV, 2005 Tex.
App. LEXIS 690, at *2 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.). To perfect an appeal in a
criminal case, the defendant's notice of appeal must be filed within thirty days from the date the trial
court imposes sentence, unless a motion for new trial has been timely filed. Tex. R. App. P.
26.2(a)(1). In this case, Rollerson's pro se notice of appeal was untimely because it was not filed
until more than thirty days after sentence was imposed. 
            Nevertheless, an appellate court may extend the deadline for filing a notice of appeal "if,
within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court
the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex.
R. App. P. 26.3. A motion for extension of time is also implied "when a party, acting in good faith,
files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a
motion for extension of time to file their notice of appeal." K.M.Z., 2005 Tex. App. LEXIS 690, at
*2 (citing Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)); and accord Jacobs v. State, 115
S.W.3d 108, 111–12 (Tex. App.—Texarkana 2003, pet. ref'd) (granting implied motion for
extension, otherwise late notice of appeal was timely filed). Accordingly, if Rollerson timely filed
an extension request with this Court no later than April 13, 2005 (the fifteenth day following the last
date to timely file a notice of appeal), then we have jurisdiction.
            The certificate of service on Rollerson's motion for extension to file a late notice of appeal
shows a date of May 2, 2005, a date that is several weeks beyond the deadline for seeking an
extension to file a notice of appeal. The motion and the notice of appeal, therefore, were both filed
too late to confer jurisdiction on this Court.
            For the reasons stated, we dismiss the appeal for want of jurisdiction.
 
                                                                                    Donald R. Ross
                                                                                    Justice

Date Submitted:          May 10, 2005
Date Decided:             May 11, 2005

Do Not Publish