COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

JOSEPH FRANK RUBIO,                                   )

                                                                              )              
No.  08-02-00470-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
210th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20000D01249)

                                                                              )

 

 

MEMORANDUM   OPINION

 

This is an appeal
from a judgment of conviction for the offense of theft by deception.  On October 19, 2000, Joseph Frank Rubio pled
guilty and the court deferred adjudication of guilt and placed Appellant on
community supervision for 5 years.  On
June 28, 2001, the State filed a motion to adjudicate guilt, alleging that
Appellant violated the terms of his community supervision.  On September 20, 2002, the trial court
entered a judgment revoking probation and sentenced Appellant to confinement in
state jail for 22 months.  The issue
before us is whether Appellant timely filed his notice of appeal.  We conclude that he did not and dismiss the
appeal for want of jurisdiction.








The record
reflects that the trial court imposed sentence on September 20, 2002.  Appellant did not file a motion for new
trial.  Appellant filed a notice of
appeal on October 25, 2002, thirty-five days after the imposition of the sentence.  

A timely notice of
appeal is necessary to invoke the jurisdiction of this Court.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).  Tex.R.App.P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order
to perfect appeal in a criminal case:

(a)        By the Defendant.  The notice of appeal must be filed:

 

(1)        within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an
appealable order; or

 

(2)        within 90 days after the day sentence is
imposed or suspended in open court if the defendant timely files a motion for
new trial.

 

Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day sentenced is imposed or suspended in open
court, or within ninety days after sentencing if the defendant timely files a
motion for new trial.  Tex.R.App.P. 26.2(a); Olivo, 918
S.W.2d at 522.  Rule 26.3 allows for an
exception:  The appellate court may
extend the time to file the notice of appeal if, within fifteen days after the
deadline for filing the notice of appeal, the party:  (a) files in the trial court the notice of
appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b),
reasonably explaining the need for the extension of time.  Tex.R.App.P.
26.3; Tex.R.App.P.
10.5(b)(1)(C).  Under Rule 26.3, a late
notice of appeal may be considered timely so as to invoke the appellate court=s jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the appellate court within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the appellate court
grants the motion for extension of time. 
Olivo, 918 S.W.2d at 522.








When a defendant
appeals from a conviction in a criminal case, the time to file notice of appeal
runs from the date sentence is imposed or suspended in open court, not from the
date the sentence is signed and entered by the trial court.  Rodarte v. State, 860 S.W.2d 108, 109
(Tex.Crim.App. 1993); George v. State, 883 S.W.2d 250, 251 (Tex.App.--El
Paso 1994, no pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex.App.--El
Paso 1994, no pet.).  The last date
allowed for timely filing of the notice of appeal was October 20, 2002, thirty
days after the day the sentence was imposed in open court.  Tex.R.App.P.
26.2(a)(1).  Appellant did not file his
notice of appeal until October 25, 2002 and failed to file a motion for
extension of time.  Therefore, Appellant
failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.

 

 

January
23, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)