Form: Dismiss WOJ Criminal



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DAVID RODRIGUEZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-03-00258-CR



Appeal from the


171st District Court


of El Paso County, Texas 


(TC# 20020D05262)


MEMORANDUM OPINION


 This is an attempted appeal from a sentence imposed by the trial court on April 16,
2003. Appellant did not file a motion for new trial. He filed his notice of appeal on May
27, 2003. The issue before us is whether appellant timely filed his notice of appeal. We
conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Tex. R. App. P. 26.2(a) prescribes
the time period in which notice of appeal must be filed by the defendant in order to
perfect appeal in a criminal case:


 (a) By the Defendant. The notice of appeal must be filed:


 (1) within 30 days after the day sentence is imposed or suspended in
open court, or after the day the trial court enters an appealable order;
or


 (2) within 90 days after the day sentence is imposed or suspended in
open court if the defendant timely files a motion for new trial.


Tex. R. App. P. 26.2(a). Therefore, a defendant's notice of appeal is timely if filed within
thirty days after the day sentence is imposed or suspended in open court, or within ninety
days after sentencing if the defendant timely files a motion for new trial. See Tex. R.
App. P. 26.2(a); Olivo, 918 S.W.2d at 522. Rule 26.3 allows for an exception: A court of
appeals may grant an extension of time to file notice of appeal if the notice is filed within
fifteen days after the last day allowed and, within the same period, a motion is filed in the
court of appeals reasonably explaining the need for the extension of time. See Tex. R.
App. P. 26.3; Olivo, 918 S.W.2d at 522. Under Rule 26.3, a late notice of appeal may be
considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within
fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in
the court of appeals within fifteen days of the last day allowed for filing the notice of
appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file
notice of appeal runs from the date sentence is imposed or suspended in open court, not
from the date sentence is signed and entered by the trial court. See Rodarte v. State, 860
S.W.2d 108, 109 (Tex. Crim. App. 1993); George v. State, 883 S.W.2d 250, 251 (Tex.
App.--El Paso 1994, no pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex. App.--El Paso
1994, no pet.). The last date allowed for timely filing of the notice of appeal was May 16,
2003, thirty days after the day the sentence was imposed in open court. See Tex. R. App.
P. 26.2(a)(1). No motion for extension of time pursuant to Rule 26.3 was filed. Because
appellant did not file his notice of appeal until May 27, 2003, and he failed to file a
motion for extension of time, he failed to perfect this appeal. Accordingly, we dismiss
the appeal for want of jurisdiction.


 SUSAN LARSEN, Justice

July 3, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)