Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



CHRISTOPHER CASTILLO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00532-CR


Appeal from the


210th District Court


of El Paso County, Texas


(TC# 20020D03799)



MEMORANDUM OPINION



 This is an attempted appeal from a judgment of conviction for the offense of enhanced
driving while intoxicated. Punishment was probated at seven (7) years' community
supervision. The issue before us is whether Castillo timely filed his notice of appeal. We
conclude that he did not and dismiss the attempted appeal for want of jurisdiction. 

 The record reflects that the trial court imposed sentence in open court on September
20, 2002. Castillo did not file a motion for new trial. Castillo filed a notice of appeal on
December 6, 2002, seventy-seven days after the imposition of sentence.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Tex. R. App. P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order to perfect
appeal in a criminal case:

 (a) By the Defendant. The notice of appeal must be filed:


 (1) within 30 days after the day sentence is imposed or suspended in
open court, or after the day the trial court enters an appealable order; or


 (2) within 90 days after the day sentence is imposed or suspended in
open court if the defendant timely files a motion for new trial.


Therefore, a defendant's notice of appeal is timely if filed within thirty days after the day
sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at
522. Rule 26.3 allows for an exception: A court of appeals may grant an extension of time
to file notice of appeal if the notice is filed within fifteen days after the last day allowed and,
within the same period, a motion is filed in the court of appeals reasonably explaining the
need for the extension of time. Tex. R. App. P. 26.3; Olivo, 918 S.W.2d at 522. Under Rule
26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion
for extension of time is filed in the court of appeals within fifteen days of the last day
allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for
extension of time. Olivo, 918 S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file notice
of appeal runs from the date sentence is imposed or suspended in open court, not from the
date sentence is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109
(Tex. Crim. App. 1993); George v. State, 883 S.W.2d 250, 251 (Tex. App.--El Paso 1994,
no pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex. App.--El Paso 1994, no pet.). The last
date allowed for timely filing of the notice of appeal was October 20, 2002, thirty days after
the day the sentence was imposed in open court. Tex. R. App. P. 26.2(a)(1). The last day for
filing late notice of appeal and a motion for extension of time pursuant to Rule 26.3 was
November 4, 2002. Because Castillo did not file his notice of appeal until December 6,
2002, and he failed to file a motion for extension of time, he failed to perfect this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.

July 10, 2003

 

 _______________________________________

 RICHARD BARAJAS, Chief Justice




Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)