NO. 07-03-0354-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 9, 2004

_____

RICHARD JAMES WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 128TH DISTRICT COURT OF ORANGE COUNTY;

NO. A-960373-R; HONORABLE PATRICK A. CLARK, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**OPINION**

Appellant Richard James Ward appeals from a judgment revoking his community supervision and imposing sentence pursuant to conviction for felony driving while intoxicated.  We dismiss for lack of jurisdiction in part and affirm in part.

BACKGROUND

On February 25, 2000, pursuant to a plea bargain, appellant pled *nolo contendere* to the charge of felony driving while intoxicated. The trial court sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division for a period of five years with a $1,000 fine. Pursuant to the plea bargain agreement, the confinement portion of the sentence was suspended and appellant was placed on community supervision for five years. Appellant did not file a notice of appeal until after revocation of his community supervision.

The State's second motion to revoke appellant's community supervision was heard on April 23, 2003. After a hearing on the motion, the trial court found that appellant had violated two probation terms and revoked the order placing appellant on community supervision.

Appellant contends that the evidence is insufficient to support his conviction for felony DWI and that the evidence is insufficient to support the trial court's finding that he violated the terms of his probation. Appellant further contends that he received ineffective assistance of counsel when trial counsel for the felony DWI failed to timely file a notice of appeal.

APPELLATE JURISDICTION

The Rules of Appellate Procedure do not establish the jurisdiction of courts of appeals; the Rules provide procedures which must be followed in order to invoke a court's

-2-

jurisdiction over a particular appeal. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist and the appeal will be dismissed for lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000); Olivo, 918 S.W.2d at 523.

If an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Texas Rule of Appellate Procedure 26.2 requires a notice of appeal to be filed within 30 days after sentence is imposed unless the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). A defendant who is placed on community supervision has a right to appeal the conviction only at the time community supervision is originally imposed. TEX. CRIM. PROC. CODE ANN. art. 42.12 § 23(b) (Vernon Supp. 2003). However, if the community supervision is later revoked for violation of terms of the community supervision, the right of appeal is limited to the revocation. Id. See Manuel v. State, 994 S.W.2d 658, 660 (Tex.Crim.App. 1999). Assertions that ineffective assistance of trial counsel resulted in denial of a meaningful appeal may not be asserted via an untimely-filed appeal. Olivo, 918 S.W.2d at 525 n.8; Ashorn v. State, 77 S.W.3d 405, 409 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd); Rivera v. State, 940 S.W.2d 148, 149 (Tex.App.--San Antonio 1996, no pet.); George v. State, 883 S.W.2d 250, 251 n.3 (Tex. App.--El Paso 1994, no pet.).

## THE FELONY DWI CONVICTION

Appellant was convicted of felony driving while intoxicated and placed on community supervision on October 13, 2000. No notice of appeal was filed. Rather, appellant filed a general notice of appeal on July 16, 2003, following revocation of his community supervision. Appellant's notice of appeal relating to his conviction for felony DWI is untimely. Because this court has no jurisdiction over an untimely appeal, we dismiss those aspects of the appeal relating to the felony DWI conviction for want of jurisdiction. See TEX. R. APP. P. 26.2(a); TEX. CRIM. PROC. CODE ANN. art. 42.12 § 23(b); Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 525 n.8.

## REVOCATION PROCEEDING

When multiple violations of conditions of probation are found by the trial court, the order revoking probation will be affirmed if one sufficient ground for revocation supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). Thus, in order to prevail, an appellant must successfully challenge all of the trial court's findings that support the revocation order. Joseph v. State, 3 S.W.3d 627, 640 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (citing Jones v. State, 571 S.W.2d 191, 193-94 (Tex.Crim.App. 1978)).

In the present case, the trial court found that appellant violated two conditions of his probation. On appeal, appellant challenges only one of those findings. Because appellant does not challenge one of the findings that he violated community supervision conditions, we must affirm the trial court's order revoking appellant's community supervision.

CONCLUSION

Those parts of appellant's appeal addressing his conviction for felony DWI are dismissed for want of jurisdiction. The remainder of the judgment is affirmed.

Phil Johnson
Chief Justice

Do not publish.