WRIGHT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-076-CR

GERALD ANTHONY WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW

------------

After reviewing Appellant’s petition for discretionary review, we modify our opinion and judgment in this appeal.  
See
 
Tex. R. App. P.
 50.  We withdraw our April 14, 2005 memorandum opinion and judgment and substitute the following.

On March 10, 2005 we notified Appellant, in accordance with Texas Rule of Appellate Procedure 
42.3, that this court may not have jurisdiction over this appeal because it appeared the notice of appeal was not timely filed.  We stated that the appeal would be dismissed for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed with the court on or before March 21, 2005 a response showing a reasonable explanation for the late filing of the notice of appeal.  
See
 
Tex. R. App. P.
 10.5(b), 26.3(b), 42.3(a).  We have received an explanation, but nonetheless conclude that we lack jurisdiction over the appeal.

The trial court signed its finding on Appellant’s motion for forensic DNA testing on January 5, 2005.  Appellant’s notice of appeal was due on February 4, 2005.  Appellant filed a notice of appeal on March 1, 2005.  Appellant, pro se, and Appellant’s counsel both responded to our March 10, 2005 letter.  Appellant claims that counsel did not notify him of the trial court’s finding until February 9, 2005, and that Appellant mailed his notice of appeal on February 18, 2005—the fourteenth day after the last day allowed for filing.  A late notice of appeal may be considered timely so as to invoke a court of appeals's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time.  
Olivo v. State
,  918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Appellant did not file a motion to extend time.  
See
 
Tex. R. App. P.
 26.3.  When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction.  
Olivo, 
918 S.W.2d at 522.

Therefore, it is the opinion of the court that this appeal should be dismissed for want of jurisdiction.
(footnote: 2)  
See
 
Tex. R. App. P
. 42.3(a), 43.2(f). Accordingly, we dismiss the appeal.

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Although we have determined that we do not have jurisdiction over Appellant’s appeal, he is not without a remedy.  Appellant may be entitled to an out-of-time appeal, which may be granted by the Texas Court of Criminal Appeals.  The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon 2005); 
Portley v. State
, 89 S.W.3d 188, 189 (Tex.
 
App.—Texarkana 2002, no pet.); 
Ashorn v. State
, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); 
Rivera v. State
, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); 
George v. State
, 883 S.W.2d 250, 251 n.3 (Tex. App.—El Paso 1994, no pet.).  Furthermore, the denial of a meaningful appeal due to ineffective assistance of counsel is also a proper ground for habeas corpus relief.  
Olivo
, 918 S.W.2d at 525 n.8.