Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ROBERTO CASTOR,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00329-CR

Appeal from the

41st District Court

of El Paso County, Texas

(TC# 20020D01892)




O P I N I O N

           This is an attempted appeal from a judgment of conviction for the offense of
aggravated assault. The issue before us is whether Appellant timely filed his notice of
appeal. We conclude that he did not and dismiss the attempted appeal for want of
jurisdiction.
           The record reflects that the trial court imposed sentence in open court on October 7,
2004. Appellant filed an untimely motion for new trial on November 15, 2004. He filed his
notice of appeal on February 25, 2005. A timely notice of appeal is necessary to invoke this
Court’s jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Tex. R.
App. P. 26.2(a) prescribes the time period in which notice of appeal must be filed by the
defendant in order to perfect appeal in a criminal case:
(a) By the Defendant. The notice of appeal must be filed:
(1) within 30 days after the day sentence is imposed or suspended in open court, or
after the day the trial court enters an appealable order; or
(2) within 90 days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial.

           Therefore, a defendant’s notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing
if the defendant timely files a motion for new trial. See Tex. R. App. P. 26.2(a); Olivo, 918
S.W.2d at 522. Rule 26.3 allows for an exception: A court of appeals may grant an
extension of time to file notice of appeal if the notice is filed within fifteen days after the last
day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. See Tex. R. App. P. 26.3; Olivo, 918 S.W.2d
at 522. Under Rule 26.3, a late notice of appeal may be considered timely so as to invoke a
court of appeals’ jurisdiction if (1) it is filed within fifteen days of the last day allowed for
filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days
of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the
motion for extension of time. Olivo, 918 S.W.2d at 522.
           When a defendant appeals from a conviction in a criminal case, the time to file notice
of appeal runs from the date sentence is imposed or suspended in open court, not from the
date sentence is signed and entered by the trial court. See Rodarte v. State, 860 S.W.2d 108,
109 (Tex. Crim. App. 1993); George v. State, 883 S.W.2d 250, 251 (Tex. App.--El Paso
1994, no pet.); Reyes v. State, 883 S.W.2d 291, 292 (Tex. App.--El Paso 1994, no pet.). As
the motion for new trial was not timely, the last date allowed for timely filing of the notice
of appeal was November 6, 2004, thirty days after the day the sentence was imposed in open
court. See Tex. R. App. P. 26.2(a)(1). No motion for extension of time pursuant to Rule 26.3
was filed. Because Appellant did not file his notice of appeal until February 25, 2005, and
he failed to file a motion for extension of time, he failed to perfect this appeal. Accordingly,
we dismiss the appeal for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice
November 3, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)