COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-105-CR

 

 

CROY ROUSH                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Croy Roush is attempting to appeal the trial
court=s judgment
revoking his community supervision for the offense of felony driving while
intoxicated.  On April 20, 2007, we
notified Appellant, in accordance with Texas Rule of Appellate Procedure 42.3,
that this court may not have jurisdiction over this appeal because it appeared
that the notice of appeal was not timely filed. 
See Tex. R. App. P.
42.3.  We stated that the appeal would be
dismissed for want of jurisdiction unless Appellant filed a response advising
the court that the notice of appeal was properly mailed to the trial court
clerk on or before March 12, 2007.  See
Tex. R. App. P. 9.2(b),
42.3(a).  Appellant=s counsel responded
on April 24, 2007, by filing a motion for extension of time to file a notice of
appeal.  

The trial court signed its judgment revoking community
supervision on February 8, 2007.  Thus,
Appellant=s notice of appeal was due on March 12,
2007.  Appellant filed a pro se notice of
appeal on March 20, 2007Ceight days after the appellate
deadline.  In his motion for extension of
time, Appellant relies on rule 26.3, which allows the appellate court to extend
the time to file the notice of appeal if both a notice of appeal and a
motion for extension of time are filed within fifteen days after the deadline
for filing the notice of appeal.  Tex. R. App. P. 26.3.  However, the motion was not filed until April
24, 2007Cover a month after
the deadline for filing the notice of appeal.








A late notice of appeal may be considered timely so as to
invoke a court of appeals=s jurisdiction if (1) it is filed within
fifteen days of the last day allowed for filing, (2) a motion for extension of
time is filed in the court of appeals within fifteen days of the last day
allowed for filing the notice of appeal, and (3) the court of appeals grants
the motion for extension of time.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Appellant=s notice of appeal
was filed within fifteen days of the last day allowed for filing the notice of
appeal, but his motion for extension of time was not.  When a notice of appeal is filed within the
fifteen‑day period but no timely motion for extension of time is filed,
the appellate court lacks jurisdiction.  Id.

Therefore, it is the opinion of the court that this appeal
should be dismissed for want of jurisdiction.[2]
 See Tex. R. App. P. 42.3(a), 43.2(f). Accordingly, we dismiss the
appeal.

PER CURIAM

 

PANEL D:    MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: May 24, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Although we have determined that we
do not have jurisdiction over Appellant=s appeal, he is not without a remedy.  Appellant may be entitled to an out‑of‑time
appeal, which may be granted by the Texas Court of Criminal Appeals.  The appropriate vehicle for seeking an out‑of‑time
appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals
pursuant to article 11.07 of the code of criminal procedure.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); Portley v. State,
89 S.W.3d 188, 189 (Tex. App.CTexarkana 2002, no pet.); Ashorn v. State, 77 S.W.3d
405, 409 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d); Rivera v. State, 940
S.W.2d 148, 149 (Tex. App.CSan Antonio 1996, no pet.); George v. State, 883
S.W.2d 250, 251 n.3 (Tex. App.CEl Paso 1994, no pet.).