COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-105-CR

CROY ROUSH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Croy Roush is attempting to appeal the trial court’s judgment revoking his community supervision for the offense of felony driving while intoxicated.  On April 20, 2007, we notified Appellant, in accordance with Texas Rule of Appellate Procedure 42.3, that this court may not have jurisdiction over this appeal because it appeared that the notice of appeal was not timely filed.  
See
 
Tex. R. App. P.
 42.3.  We stated that the appeal would be dismissed for want of jurisdiction unless Appellant filed a response advising the court that the notice of appeal was properly mailed to the trial court clerk on or before March 12, 2007.  
See 
Tex. R. App
. P. 9.2(b), 42.3(a).  Appellant’s counsel responded on April 24, 2007, by filing a motion for extension of time to file a notice of appeal.  

The trial court signed its judgment revoking community supervision on February 8, 2007.  Thus, Appellant’s notice of appeal was due on March 12, 2007.  Appellant filed a pro se notice of appeal on March 20, 2007—eight days after the appellate deadline.  In his motion for extension of time, Appellant relies on rule 26.3, which allows the appellate court to extend the time to file the notice of appeal if both a notice of appeal 
and
 a motion for extension of time are filed within fifteen days after the deadline for filing the notice of appeal.  
Tex. R. App. P.
 26.3.  However, the motion was not filed until April 24, 2007—over a month after the deadline for filing the notice of appeal.

A late notice of appeal may be considered timely so as to invoke a court of appeals’s jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Appellant’s notice of appeal was filed within fifteen days of the last day allowed for filing the notice of appeal, but his motion for extension of time was not.  When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction.  
Id.

Therefore, it is the opinion of the court that this appeal should be dismissed for want of jurisdiction.
(footnote: 2) 
 See
 
Tex. R. App. P
. 42.3(a), 43.2(f). Accordingly, we dismiss the appeal.

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 24, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Although we have determined that we do not have jurisdiction over Appellant’s appeal, he is not without a remedy.  Appellant may be entitled to an out-of-time appeal, which may be granted by the Texas Court of Criminal Appeals.  The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the code of criminal procedure.  
See 
Tex. Code Crim. Proc. Ann
. art. 11.07 (Vernon 2005); 
Portley v. State
, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); 
Ashorn v. State
, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); 
Rivera v. State
, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); 
George v. State
, 883 S.W.2d 250, 251 n.3 (Tex. App.—El Paso 1994, no pet.).