**Rolando RODARTE**

v.

**STATE of Texas.**

No. 04–92–00427–CR.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1992.

George Scharmen, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., San Antonio, for appellee.

Before REEVES, C.J., PEEPLES and CARR, JJ.

## OPINION

PER CURIAM.

This Court's previous opinion of October 21, 1992 is withdrawn and this opinion is substituted therefor.

The issue before us is whether appellant timely filed his notice of appeal from a conviction for capital murder in which a life sentence was assessed. We conclude that he did not.

The judgment recites that the sentence was pronounced and imposed on June 15, 1992. The judgment was signed and entered on June 16, 1992. No motion for new trial was filed, and the notice of appeal was filed on Thursday, July 16, 1992.

1. Appellant did not file a motion for extension of time to file the notice of appeal under TEX.

If the event triggering the appellate timetable was the *imposition of sentence,* then the notice of appeal was late.[1] If the time for filing the notice of appeal began to run on the day the judgment was *entered,* then the notice was timely.

"Appeal is perfected when notice of appeal is filed within thirty (fifteen by the state) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge...." TEX.R.APP.P. 41(b)(1).

Appellant argues that the judgment is the order from which the appeal is taken and that the notice of appeal was filed within thirty days after the day the judgment was signed. This argument has not been raised before in this context in Texas in a reported decision.

When determining the time in which a notice of appeal must be filed following a conviction, appellate courts have used the date sentence is imposed or suspended in open court, rather than the date on which the judgment is signed. *See Shute v. State,* 744 S.W.2d 96 (Tex.Crim.App.1988); *Charles v. State,* 809 S.W.2d 574 (Tex. App.—San Antonio 1991, no pet.); *Corbett v. State,* 745 S.W.2d 933 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

Additionally, while not deciding the specific question facing this court, the court of criminal appeals and individual judges of that court have discussed the applicable date.

In *Stokes v. State,* 688 S.W.2d 539 (Tex. Crim.App.1985), the court dealt with a cumulation issue and discussed the relationship of the judgment, oral pronouncement of sentence, and the formal sentence. The court stated:

Article 44.08, V.A.C.C.P., provides in § (b), inter alia, that notice of appeal shall be given ... within 15 days after "sentencing." And § (c) provides in part: "For the purpose of this article, 'sentencing' means the date the sentence is imposed or suspended in open court...."

R.APP.P. 41(b)(2).

Thus, in many cases it is clear there must be a sentence in existence for there to be a valid notice of appeal, and this is true whether there is a cumulation order or not.

*Id.* at 541 (omissions in original). At the time of *Stokes,* article 44.08 [2] of the Texas Code of Criminal Procedure stated in part:

(b) Notice of appeal shall be filed ... within 15 days after sentencing.

(c) For the purpose of this article, "sentencing" means the date the sentence is imposed or suspended in open court or the date the other appealable order is signed by the trial judge.

The court in *Stokes* implicitly meant that in appeals from convictions—cases in which a sentence is either imposed or suspended in open court—the date of sentencing triggers the appellate timetable.

In *Shute v. State,* 744 S.W.2d 96 (Tex. Crim.App.1988), Judge Clinton observed in his concurring opinion:

[U]nder Tex.R.App.Pro. 41 ordinarily an appeal is perfected when the requisite paper is filed within thirty days after some significant event terminating trial process: on civil side, signing of judgment; on criminal side, imposition or suspension of sentence in open court.

*Id.* at 98 n. 1. By using the phrase "ordinarily," Judge Clinton must have been referring to the most common appeal in criminal cases, an appeal from a conviction. This is similar to the court's discussion of "in many cases" in the *Stokes* opinion.

In *Ex parte Renier,* 734 S.W.2d 349 (Tex. Crim.App.1987), the court addressed the finality of a completed probated sentence for purposes of a post-conviction writ of habeas corpus. In a dissenting opinion Judge Teague stated:

In criminal cases, the judgment of conviction is appealable, as a general rule, when sentence has been pronounced or suspended in open court by the trial judge. It is from this event that the time to perfect an appeal begins to run. See, Tex.R.App.Proc. 41(b)(1), formerly Art.

44.08(b), (c), V.A.C.C.P. Consequently, in this sense, "final conviction" means a judgment of conviction which is appealable.

*Id.* at 365–66.

"The time of sentencing is important because the deadlines for appeals begin to run with the pronouncement of sentence." 3 Frank Maloney, et al, Texas Criminal Practice Guide § 81.02[2][a] (1992).

Appellant argues that one court found a notice of appeal was timely when given within thirty days after the trial court signed the judgment and sentence. *See Rocky Mountain v. State,* 789 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). In *Rocky Mountain* the jury assessed punishment for multiple offenses at one year in jail each, probated. The trial court signed the judgments, but the judgments did not set out the terms of probation. The court held a sentencing hearing more than one month after the signing of the judgments. The court imposed the sentence at the hearing and signed the order setting out the probation conditions.

On appeal the State argued that the time to file the notice of appeal began on the date the judgments were signed. The court of appeals held that under rule 41(b)(1) the sentence was not imposed until the sentencing hearing. The court also held that the sentence did not become an appealable order until the sentencing hearing.

In concluding, the court of appeals stated that the day of the sentencing hearing "was the day sentence was imposed in open court, or the day an appealable order was signed by the trial court." *Id.* at 664. Appellant relies on this language from the opinion to support his argument that his notice of appeal was timely because it was filed within thirty days of the signing of the judgment.

The First Court of Appeals did not hold that the time in which to file the notice of appeal began on the day the judgment was

**2.** Rule 41(b)(1) was derived from former article 44.08(c). *State v. Rosenbaum,* 818 S.W.2d 398, 402 n. 12 (Tex.Crim.App.1991).

signed. On the contrary, the court rejected that argument and held that the applicable date was the day sentence was pronounced in open court, although the court also based its decision on the fact that it was the same day on which the order setting out the probationary terms and conditions was signed.

The court of appeals relied on *Arguijo v. State*, 738 S.W.2d 367 (Tex.App.—Corpus Christi 1987, no pet.). In *Arguijo* the Corpus Christi Court of Appeals faced a fact situation similar to *Rocky Mountain.* Two months after the judgment was signed the trial court held a hearing, during which the court informed the defendant about the terms and conditions of probation. The court held that the sentence was not imposed until the probation hearing. *Id.* at 368–69. The court did not use the "day an appealable *order* is signed" language from rule 41(b)(1).

Appellant urges that his reading of rule 41(b)(1) is consistent with *State v. Rosenbaum*, 818 S.W.2d 398 (Tex.Crim.App. 1991). In that case the question was when does the time to file a State's notice of appeal from an order begin. The court considered rule 41(b)(1) and article 44.01(d) of the Code of Criminal Procedure. Under article 44.01(d) the triggering event is the date the order is entered by the court. Rule 41(b)(1) focuses on the date the order is signed by the court. The court determined that an entry by the court must be distinguished from an entry into the record by the clerk. The Texas Court of Criminal Appeals harmonized the statute and the rule by holding that the term "entered by the court" means the signing of the order by the judge. 818 S.W.2d at 402.

It was in this context that the *Rosenbaum* court made the statement on which appellant relies:

> Thus, a timetable based on the date of signature is a logical interpretation of Art. 44.01(d). Establishing a definite starting date for calculating appellate timetables serves the interests of all parties. We therefore find no conflict between Art. 44.01(d), V.A.C.C.P., and

TEX.R.APP.PROC. 41(b)(1) (amended 1989).

*State v. Rosenbaum*, 818 S.W.2d at 402. The court did not hold that in appeals from convictions the time to file notice of appeal begins with the signing of the judgment. In fact, the above-quoted language from *Rosenbaum* supports the view that in such cases the time runs from the imposition or suspension of sentence in open court.

Under appellant's rationale, the date on which an order was signed would be a starting date in all criminal appeals. This is because a signed order is present in the record of all criminal appeals, accepting for argument purposes appellant's contention that the judgment is an order.

Additionally, a sentencing date is present in the record in appeals from a conviction. In the most common scenario found in criminal trials resulting in convictions in Texas, the trial court imposes or suspends sentence in open court. On the same or on a subsequent day, the trial court signs the judgment.

In such cases, as in the present case, appellant's reading of rule 41(b)(1) leads to two starting dates for the appellate process: the date sentence is imposed or suspended and the date the judgment is signed. This would not establish a definite starting date for the appellate process, in contravention of *Rosenbaum.*

Under appellant's interpretation, the portion of rule 41(b)(1) concerning "the day sentence is imposed or suspended in open court" would be rendered useless. This cannot be what the Texas Court of Criminal Appeals intended when adopting the Rules of Appellate Procedure.

Therefore, we harmonize the provisions of rule 41(b)(1) as follows: When a defendant appeals from a conviction in a criminal case, the time to file the notice of appeal runs from the date the sentence is imposed or suspended in open court. When some other action of the trial court is appealed, such as that from which the State may appeal in article 44.01 or a habeas corpus matter from which the applicant may ap-

peal, the appellate timetable begins with the signing of the particular order.[3]

This is consistent with the appellate rules concerning motions for new trial. A motion for new trial is due within thirty days after the date sentence is imposed or suspended in open court. TEX.R.APP.P. 31(a)(1). Rule 31(a)(1) does not provide for the filing of a motion for new trial based on the date on which an order is signed. Furthermore, when a motion for new trial is filed, "notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court." TEX. R.APP.P. 41(b)(1). Rule 41 does not employ the date of the signing of an order as a basis for filing the notice of appeal when a motion for new trial has been filed.

Because appellant's notice of appeal was not timely filed, this appeal is dismissed for lack of jurisdiction.[4]

---

**3.** Appellant does not suggest that he is appealing some erroneous aspect of the judgment which had not yet occurred at the time of sentencing.

**4.** The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim.App.1991); *Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.).

If this court lacks jurisdiction to consider an appeal, then the Court of Criminal Appeals has no jurisdiction to grant an out-of-time appeal upon the filing of a petition for discretionary review. *Cf. Miles v. State*, 780 S.W.2d 215 (Tex.Crim.App.1989) (since notice of appeal was never filed, the court of appeals lacked jurisdiction and the petition for discretionary review was dismissed rather than denied).

*Charles v. State*, 809 S.W.2d at 576.