Jesus **REYES**, II, **Appellant,**

v.

The **STATE** of Texas, **Appellee.**

No. 08–94–00162–CR.

Court of Appeals of Texas,
El Paso.

July 14, 1994.

---

Jaime E. Gandara, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for appellee/State.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

PER CURIAM.

This is an attempted appeal from a judgment of conviction for the offense of murder. Appellant was sentenced to a term of 17 years in the Institutional Division of the Texas Department of Criminal Justice. The issue before us is whether Appellant timely filed his notice of appeal. We conclude that

he did not and dismiss the attempted appeal for want of jurisdiction.

## I. PROCEDURAL HISTORY

The record in the instant case reveals that Appellant was tried and convicted for two counts of murder. Appellant was sentenced to a term of 17 years in open court on February 23, 1994. No motion for new trial was filed. On June 28, 1994, Appellant filed his Motion for Suspension of Rules to Permit Late Filing of Notice of Appeal.

## II. DISCUSSION

Tex.R.App.P. 41(b)(1) reads as follows:

(1) *Time to Perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty (*fifteen by the state*) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.

When a defendant appeals from a conviction in a criminal case, the time to file notice of appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence is signed and entered by the trial court. *Rodarte v. State,* 840 S.W.2d 781, 784–85 (Tex.App.—San Antonio 1992), *aff'd,* 860 S.W.2d 108, 109 (Tex.Crim. App.1993); *George v. State,* 883 S.W.2d 250 (Tex.App.—El Paso, 1994, no pet. h.) (not yet published). As noted in the procedural history above, sentence was imposed in open court on February 23, 1994. Consequently, the last date allowed for filing of notice of appeal was March 25, 1994, thirty days after the day such sentence was imposed in open court. No motion for extension of time in which to file notice of appeal was timely filed. In addition, Appellant's Motion for Suspension of Rules to Permit Late Filing of Notice of Appeal, even if liberally construed to be a motion for extension of time in which to file notice of appeal, was likewise untimely filed.[1] Tex.R.App.P. 41(b)(2).

---

1. An extension of time for filing notice of appeal    may be granted by the court of appeals if such

Because Appellant's notice of appeal came 125 after the day sentence was imposed in open court, it was untimely under Rule 41(b)(1). Consequently, this Court lacks the requisite jurisdiction over the appeal. Appellant's Motion for Suspension of Rules to Permit Late Filing of Notice of Appeal is denied. Moreover, we dismiss Appellant's attempted appeal for want of jurisdiction.[2]

motion is filed with the clerk of the court of appeals and such late notice of appeal is filed with the clerk of the trial court within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension. Tex.R.App.P. 41(b)(2). In the instant case, the last day allowed for the filing of notice of appeal was March 25, 1994, thirty days from the date of imposition of sentence in open court. As noted above Appellant filed his Motion for Suspension of Rules to Permit Late Filing of Notice of Appeal on June 28, 1994.

2. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim.App.1991); *Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.). If this Court lacks jurisdiction to consider an appeal, then the Court of Criminal Appeals has no jurisdiction to grant an out-of-time appeal upon the filing of a petition for discretionary review. *Cf. Miles v. State*, 780 S.W.2d 215 (Tex. Crim.App.1989) (since notice of appeal was never filed, the court of appeals lacked jurisdiction and the petition for discretionary review was dismissed rather than denied). *See also Rodarte v. State*, 840 S.W.2d at 785, n. 4.