NO. 07-00-0229-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 4, 2000

______________________________

BRANDON MONDINE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-425,665; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Brandon Mondine, acting pro se, seeks to appeal his conviction for the offense of possession of a controlled substance with intent to deliver and the resulting sentence of 13 years confinement in the Institutional Division of the Department of Criminal Justice.  Because we have no jurisdiction to consider the appeal, we must dismiss it.

After appellant’s plea of guilty, sentence in this matter was imposed on May 26, 1999.  Appellant mailed a pro se notice of appeal to the trial judge dated and postmarked August 25, 1999, 91 days after sentence was imposed.  The trial court did not deliver that document to the district clerk until April 25, 2000.  Copies of the notice of appeal, an April 24, 2000 order denying appellant permission to appeal, and the May 25, 1999 judgment were forwarded to this court on April 27, 2000.

A timely notice of appeal is necessary to invoke a court of appeal’s jurisdiction to consider the appeal.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  If an appeal is not timely perfected, because of its lack of jurisdiction, a court of appeals can take no action other than to dismiss the appeal.  
Id. 
at
 
523.  Section 26.2 of the Rules of Appellate Procedure requires that a notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(1).  In the event a motion for new trial is filed, however, the rule provides that the notice of appeal is due 90 days after the day sentence is imposed or suspended.  Tex. R. App. P. 26.2(a)(2).  It is well established that the appellate timetable begins with the date sentence is imposed or suspended in open court, not from the date the judgment is signed and entered by the trial court.  Tex. R. App. P. 26.2(a)(1), (2); 
see also Rodarte v. State
, 860 S.W.2d 108, 109 (Tex.Crim.App. 1993) and 
Reyes v. State
, 883 S. W. 2d 291, 292 (Tex.App.--El Paso 1994, no pet.).

An appellate court may only extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice, the party files a notice of appeal in the trial court and a motion to extend the filing time in the appellate court.  Tex. R. App. P. 26.3.  Thus, even assuming arguendo, and only arguendo, that the communication to the trial judge could in some way be considered a motion for new trial, no motion seeking an extension of time for filing a notice was filed in this court.  We cannot 
sua sponte 
extend the time to file the notice.  It is also the rule that when a notice of appeal is filed within the 15-day period but no timely motion to extend the filing time has been filed, the appellate court lacks jurisdiction to consider an appeal.  
Olivo, 
918 S.W.2d at 522.

Because we lack jurisdiction to consider it, the appeal must be, and is hereby, dismissed.  

Per Curiam

Do not publish.