Thomas v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-114-CR

RICHARD LESLIE THOMAS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Richard Leslie Thomas, Jr., who is serving a life sentence for murder, is attempting to appeal the trial court’s order denying his motion for DNA testing.  We will dismiss the appeal for want of jurisdiction.

The order denying the motion for DNA testing was entered on December 11, 2003; therefore, appellant’s notice of appeal was due by January 12, 2004.  
See
 
Tex. R. App. P.
 26.2(a)(1).  The notice of appeal was not filed, however, until March 2, 2004.  On March 22, 2004, we notified appellant by letter of our concern that we lacked jurisdiction over the appeal and that the appeal was subject to dismissal unless he or any other party filed a response showing grounds for continuing the appeal.  In response, appellant states that he had no notice of the trial court’s order until February 18, 2004.

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction over the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Where, as here, the notice of appeal is untimely, our authority is limited to dismissing the appeal for lack of jurisdiction.  
Id.
; 
Olivo v. State,
 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).
(footnote: 2)  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: 
May 27, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The appropriate vehicle for seeking an out-of-time appeal is by application for writ of habeas corpus to the court of criminal appeals.  
Portley v. State,
 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); 
Reyes v. State,
 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.); 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 11.07, § 1 (Vernon Supp. 2004) (stating that article 11.07 establishes procedures for seeking habeas relief from felony judgment imposing penalty other than death).