COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-114-CR
  
  
RICHARD 
LESLIE THOMAS, JR.                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Richard 
Leslie Thomas, Jr., who is serving a life sentence for murder, is attempting to 
appeal the trial court’s order denying his motion for DNA testing.  We 
will dismiss the appeal for want of jurisdiction.
        The 
order denying the motion for DNA testing was entered on December 11, 2003; 
therefore, appellant’s notice of appeal was due by January 12, 2004.  See 
Tex. R. App. P. 26.2(a)(1).  
The notice of appeal was not filed, however, until March 2, 2004.  On March 
22, 2004, we notified appellant by letter of our concern that we lacked 
jurisdiction over the appeal and that the appeal was subject to dismissal unless 
he or any other party filed a response showing grounds for continuing the 
appeal.  In response, appellant states that he had no notice of the trial 
court’s order until February 18, 2004.
        A 
notice of appeal that complies with the requirements of Rule 26 is essential to 
vest this court with jurisdiction over the appeal.  Slaton v. State, 
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Where, as here, the notice of 
appeal is untimely, our authority is limited to dismissing the appeal for lack 
of jurisdiction.  Id.; Olivo v. State, 918 S.W.2d 519, 523 
(Tex. Crim. App. 1996).[2]  Accordingly, we 
dismiss the appeal for want of jurisdiction.
 
 
                                                                  PER 
CURIAM
   
  
PANEL D:   CAYCE, 
C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 27, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The appropriate vehicle for seeking an out-of-time appeal is by application for 
writ of habeas corpus to the court of criminal appeals. Portley v. State, 
89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); Reyes v. State, 
883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.); see also Tex. Code Crim. Proc. Ann. art. 11.07, 
§ 1 (Vernon Supp. 2004) (stating that article 11.07 establishes procedures for 
seeking habeas relief from felony judgment imposing penalty other than death).