COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-296-CR
  
  
DELVECCIO THICKLIN                                                            APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 362ND DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Delveccio Thicklin is attempting to appeal his conviction and sentence for 
possession of a controlled substance with intent to deliver, a second-degree 
felony. Because his notice of appeal was not timely filed, we must dismiss this 
case for want of jurisdiction.
        In 
a criminal case, an appeal is perfected by the timely filing of a notice of 
appeal. Tex. R. App. P. 25.2(b). 
To be timely, the notice of appeal must be filed within thirty days after the 
day sentence is imposed or suspended in open court or within ninety days if the 
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). In this case, 
the trial court imposed sentence on April 1, 2004. Appellant did not file a 
motion for new trial; thus, his notice of appeal was due on May 3, 2004. 
Appellant filed his notice of appeal on June 24, 2004, which was fifty-two days 
late, and he did not file a motion for extension of time to file the notice of 
appeal. See Tex. R. App. P. 
26.3.
        On 
July 9, 2004, we notified appellant of our concern that we lacked jurisdiction 
over the appeal because the notice of appeal was not timely filed and informed 
him that the appeal was subject to dismissal unless appellant or any party 
desiring to continue the appeal filed a response showing grounds for continuing 
the appeal. See Tex. R. App. P. 
44.3. Appellant responded with a letter claiming that difficulties in obtaining 
and communicating with court-appointed counsel resulted in his being unaware of 
the process and deadline for appealing his case.
        Nevertheless, 
a timely notice of appeal is essential to vest the court with jurisdiction. See 
Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); see also 
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If the 
appellate deadline has expired but an appellant still wishes to pursue an 
appeal, the appropriate vehicle for seeking an out-of-time appeal is by writ of 
habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 
of the code of criminal procedure. Tex. 
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004); Portley v. State, 
89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); Reyes v. State, 
883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.); see also Olivo, 
918 S.W.2d at 525 n.8 (“[T]he denial of a meaningful appeal due to ineffective 
assistance of counsel is a proper ground for habeas corpus relief.").
        There 
is no order in the record from the Texas Court of Crimina1l Appeals granting 
appellant an out-of-time notice of appeal. Therefore, because his notice of 
appeal is untimely, this court is without jurisdiction over the appeal. Olivo, 
918 S.W.2d at 522. Accordingly, we dismiss the appeal for want of jurisdiction. See 
Tex. R. App. P. 25.2(b), 43.2(f).
  
  
                                                                  PER 
CURIAM
  
  
  
PANEL D:   MCCOY, 
J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 26, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.