DELVECCIO THICKLIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-296-CR

DELVECCIO THICKLIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Delveccio Thicklin is attempting to appeal his conviction and sentence for possession of a controlled substance with intent to deliver, a second-degree felony.  Because his notice of appeal was not timely filed, we must dismiss this case for want of jurisdiction.

In a criminal case, an appeal is perfected by the timely filing of a notice of appeal.  
Tex. R. App. P
. 25.2(b).  To be timely, the notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days if the defendant timely files a motion for new trial.  
Tex. R. App. P
. 26.2(a).  In this case, the trial court imposed sentence on April 1, 2004.  Appellant did not file a motion for new trial; thus, his notice of appeal was due on May 3, 2004.  Appellant filed his notice of appeal on June 24, 2004, which was fifty-two days late, and he did not file a motion for extension of time to file the notice of appeal.  
See 
Tex. R. App. P.
 26.3.

On July 9, 2004, we notified appellant of our concern that we lacked jurisdiction over the appeal because the notice of appeal was not timely filed and informed him that the appeal was subject to dismissal unless appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  
See 
Tex. R. App. P
. 44.3.  Appellant responded with a letter claiming that difficulties in obtaining and communicating with court-appointed counsel resulted in his being unaware of the process and deadline for appealing his case.

Nevertheless, a timely notice of appeal is essential to vest the court with jurisdiction.  
See Olivo v. State
, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); 
see also Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If the appellate deadline has expired but an appellant still wishes to pursue an appeal, the appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon Supp. 2004); 
Portley v. State
, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); 
Reyes v. State
, 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.); 
see also Olivo
, 918 S.W.2d at 525 n.8 (“[T]he denial of a meaningful appeal due to ineffective assistance of counsel is a proper ground for habeas corpus relief.").  

There is no order in the record from the Texas Court of Criminal Appeals granting appellant an out-of-time notice of appeal.  Therefore, because his notice of appeal is untimely, this court is without jurisdiction over the appeal.  
Olivo
, 918 S.W.2d at 522.  Accordingly, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.