WINNIE PIPELINE V. HARRINGTON



NO. 07-04-0385-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 8, 2004



______________________________




IN THE MATTER OF THE MARRIAGE OF CESLIE LYN 


HERNDON AND BRIAN JACK HERNDON AND IN THE


 INTEREST OF ALISSA KAYLYN HERNDON AND 


WILLIAM HENRY HERNDON, CHILDREN


 

_________________________________



FROM THE 294th DISTRICT COURT OF VAN ZANDT COUNTY;



NO. 03-00798; HON. TERESA A. DRUM, PRESIDING



_______________________________



On Motion to Dismiss



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Brian Jack Herndon, appellant, by and through his attorney, has filed a motion to
dismiss this appeal because the parties have fully compromised and settled all issues in
dispute and have agreed on a trial court judgment nunc pro tunc. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith. 
 

 Per Curiam



r than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

 Appellant proceeded to trial and was found guilty by a jury. The sentences were
imposed and judgments were entered on June 20, 2007. Appellant was required to give
notice of appeal in each case within 30 days after the day sentences were imposed or
within 90 days after the day sentences were imposed if appellant filed a motion for new
trial. Tex. R. App. P. 26.2(a). Appellant filed a motion for new trial on June 20, 2007,
making appellant's notice of appeals due on or before September 18, 2007. Appellant filed
his notice of appeal in each case on October 9, 2007. Appellant's failure to file a timely
notice of appeal prevents this court from having jurisdiction over his appeals. Slaton, 981
S.W.2d at 210. Consequently, the appeals are dismissed for want of jurisdiction. (1) 


 Mackey K. Hancock

 Justice




Do not publish. 
1. Appellant may be entitled to out-of-time appeals by filing a post-conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2007). See also Mestas v. State, 214 S.W.3d
1, 1 (Tex.Crim.App. 2007); Reyes v. State, 883 S.W.2d 291, 293 n.2 (Tex.App.-El Paso
1994, no pet.).