COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                     
                                    NOS. 
2-05-009-CR
2-05-010-CR
 
 
JOSEPH 
RICHARD BRITTON                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Joseph 
Richard Britton attempts to appeal his convictions of aggravated sexual assault 
and sexual performance by a child.[2]  After the 
jury found Appellant guilty of both offenses, it assessed Appellant’s 
punishment at eighteen years’ confinement in the aggravated sexual assault 
case and eight years’ confinement in the sexual performance by a child 
case.  We dismiss the appeals for want of jurisdiction.
        Pursuant 
to rule 26.2 of the rules of appellate procedure, a notice of appeal must be 
filed within 30 days after the date sentence is imposed, or within 90 days after 
the date sentence is imposed if the defendant files a timely motion for new 
trial.  Tex. R. App. P. 
26.2(a).  Appellant’s sentences were imposed on November 18, 2004.  
He did not file a motion for new trial; thus, his notice of appeal in each case 
was due on December 20, 2004.  Appellant filed a notice of appeal on 
January 11, 2005 (the notice of appeal pertained to both cases), but he did not 
file a motion for extension of time to file the notice of appeal.  See 
Tex. R. App. P. 26.3.
        On 
January 19, 2005, we notified Appellant’s appointed appellate counsel of our 
concern that we lacked jurisdiction over the appeals because the notice of 
appeal was not timely filed.  We informed counsel that the appeals were 
subject to dismissal unless we received a response showing grounds for 
continuing the appeals.  See Tex. 
R. App. P. 44.3.
        Appellant’s 
counsel responded by filing a motion for extension of time to file the notice of 
appeal.   This motion recites that Appellant had informed his 
appointed trial counsel that he did not wish to appeal, but Appellant 
subsequently filed a pro se notice of appeal.  Counsel’s motion further 
states that the pro se notice of appeal was timely filed within the 15-day 
extension period of rule 26.3 and Appellant, acting pro se, was unaware that he 
was also required to file a motion for extension of time within that same time 
period, which expired on January 4, 2005.[3]  
Appellant’s counsel on appeal was not appointed until January 10, 2005.
        In 
order for this court to grant a motion for extension of time to file a notice of 
appeal, both the notice of appeal and the motion for extension of time must have 
been filed within the 15-day extension period of rule 26.3.  See Olivo 
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because 
Appellant’s motion for extension of time was untimely, we deny the motion.[4]
        A 
timely notice of appeal is essential to vest this court with jurisdiction.  
See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 
1998).  Because Appellant’s notice of appeal was untimely, we have no 
jurisdiction over these appeals.  See Olivo, 918 S.W.2d at 
526.  Accordingly, we dismiss these appeals for want of jurisdiction.  
See Tex. R. App. P. 
25.2(b), 43.2(f).
   
                                                                  PER 
CURIAM
  
  
PANEL 
D: HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 24, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2. 
Tex. Penal Code Ann. §§ 22.021, 43.25 
(Vernon Supp. 2004-05).
3.  
Appellant has been incarcerated since his sentences were imposed.  
Appellant’s handwritten date on his pro se notice of appeal is January 4, 
2005.  Appellant mailed his notice of appeal to the trial court; the 
postmark on the copy of the envelope in this court’s file is illegible.  
The trial court clerk filed the notice of appeal on January 11, 2005.  
Because Appellant did not timely file a motion for extension of time to file the 
notice of appeal, we need not inquire further regarding whether January 4, 2005 
is the date that Appellant deposited his notice of appeal in the prison mail 
system, or whether the rule espoused in Warner v. Glass is applicable in 
appeals of criminal cases.  See Warner, 135 S.W.3d 681, 684 (Tex. 
2004) (holding that in civil appeals, document is deemed filed when inmate 
properly deposits it into prison mail system).
4.  
The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas 
corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the 
code of criminal procedure.  Tex. 
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05); Portley v. 
State, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); Reyes v. 
State, 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.).