BRITTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                     NOS. 2-05-009-CR

 2-05-010-CR

JOSEPH RICHARD BRITTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Joseph Richard Britton attempts to appeal his convictions of aggravated sexual assault and sexual performance by a child
(footnote: 2).  After the jury found Appellant guilty of both offenses, it assessed Appellant’s punishment at eighteen years’ confinement in the aggravated sexual assault case and eight years’ confinement in the sexual performance by a child case.  We dismiss the appeals for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within 30 days after the date sentence is imposed, or within 90 days after the date sentence is imposed if the defendant files a timely motion for new trial.  
Tex. R. App. P.
 26.2(a).  Appellant’s sentences were imposed on November 18, 2004.  He did not file a motion for new trial; thus, his notice of appeal in each case was due on December 20, 2004.  Appellant filed a notice of appeal on January 11, 2005 (the notice of appeal pertained to both cases), but he did not file a motion for extension of time to file the notice of appeal.  
See
 
Tex. R. App. P.
 26.3.

On January 19, 2005, we notified Appellant’s appointed appellate counsel of our concern that we lacked jurisdiction over the appeals because the notice of appeal was not timely filed.  We informed counsel that the appeals were subject to dismissal unless we received a response showing grounds for continuing the appeals.  
See
 
Tex. R. App. P.
 44.3.

Appellant’s counsel responded by filing a motion for extension of time to file the notice of appeal.  This motion recites that Appellant had informed his appointed trial counsel that he did not wish to appeal, but Appellant subsequently filed a pro se notice of appeal.  Counsel’s motion further states that the pro se notice of appeal was timely filed within the 15-day extension period of rule 26.3 and Appellant, acting pro se, was unaware that he was also required to file a motion for extension of time within that same time period, which expired on January 4, 2005.
(footnote: 3)  Appellant’s counsel on appeal was not appointed until January 10, 2005.

In order for this court to grant a motion for extension of time to file a notice of appeal, both the notice of appeal and the motion for extension of time must have been filed within the 15-day extension period of rule 26.3.  
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because Appellant’s motion for extension of time was untimely, we deny the motion.
(footnote: 4)
 A timely notice of appeal is essential to vest this court with jurisdiction.  
See id.
; 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Because Appellant’s notice of appeal was untimely, we have no jurisdiction over these appeals.  
See Olivo
, 918 S.W.2d at 526.  Accordingly, we dismiss these appeals for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Tex. Penal Code Ann. 
§§ 22.021, 43.25 (Vernon Supp. 2004-05)

3:
Appellant has been incarcerated since his sentences were imposed.  Appellant’s handwritten date on his pro se notice of appeal is January 4, 2005.  Appellant mailed his notice of appeal to the trial court; the postmark on the copy of the envelope in this court’s file is illegible.  The trial court clerk filed the notice of appeal on January 11, 2005.  Because Appellant did not timely file a motion for extension of time to file the notice of appeal, we need not inquire further regarding whether January 4, 2005 is the date that Appellant deposited his notice of appeal in the prison mail system, or whether the rule espoused in 
Warner v. Glass
 is applicable in appeals of criminal cases.  
See Warner
, 135 S.W.3d 681, 684 (Tex. 2004) (holding that in civil appeals, document is deemed filed when inmate properly deposits it into prison mail system).

4:
The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art.  11.07 (Vernon Supp. 2004-05); 
Portley v. State
, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); 
Reyes v. State
, 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.).