COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-367-CR

 

 

JOHN JASON THOMPSON                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant John Jason Thompson
attempts to appeal his conviction for possession of a controlled substance
under one gram.  Appellant entered an
open plea of guilty to the court, which found him guilty and assessed his
punishment at 24 months in a state jail facility.  We dismiss this appeal for want of
jurisdiction.








Pursuant to rule 26.2 of the
rules of appellate procedure, a notice of appeal must be filed within 30 days
after the date sentence is imposed, or within 90 days after the date sentence
is imposed if the defendant files a timely motion for new trial.  Tex. R.
App. P. 26.2(a).  Appellant=s sentence was imposed on August 1, 2005.  He did not file a motion for new trial; thus,
his notice of appeal was due on August 31, 2005, but was not filed until
September 23, 2005. 

On September 27, 2005, we
notified Appellant=s counsel of
our concern that we lacked jurisdiction over this appeal because the notice of
appeal was not timely filed.  We informed
counsel that the appeal was subject to dismissal unless we received a response
showing grounds for continuing the appeal. 
See Tex. R. App. P.
44.3.  Appellant=s counsel responded by filing a motion for extension of time to file
the notice of appeal.  This motion
explains that counsel had miscalendared the date the notice of appeal was due. 








In order for this court to
grant a motion for extension of time to file a notice of appeal, both the
notice of appeal and the motion for extension of time must have been filed
within the 15-day extension period of rule 26.3.  See Tex.
R. App. P. 26.3; Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996).  Because Appellant=s notice of appeal and the motion for extension of time were both
untimely, we deny the motion.[2]

A timely notice of appeal is
essential to vest this court with jurisdiction. 
See Olivo, 918 S.W.2d at 522. 
Because Appellant=s notice of
appeal was untimely, we have no jurisdiction over this appeal.  See id. at 526.  Accordingly, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 25.2(b), 43.2(f).

PER CURIAM

 

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
appropriate vehicle for seeking an out-of-time appeal is by writ of habeas
corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of
the code of criminal procedure.  Tex. Code Crim. Proc. Ann. art.  11.07 (Vernon 2005); Portley v. State,
89 S.W.3d 188, 189 (Tex. App.CTexarkana 2002, no pet.); Reyes
v. State, 883 S.W.2d 291, 293 n.2 (Tex. App.CEl
Paso 1994, no pet.).