THOMPSON v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-367-CR

JOHN JASON THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Jason Thompson attempts to appeal his conviction for possession of a controlled substance under one gram.  Appellant entered an open plea of guilty to the court, which found him guilty and assessed his punishment at 24 months in a state jail facility.  We dismiss this appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within 30 days after the date sentence is imposed, or within 90 days after the date sentence is imposed if the defendant files a timely motion for new trial.  
Tex. R. App. P.
 26.2(a).  Appellant’s sentence was imposed on August 1, 2005.  He did not file a motion for new trial; thus, his notice of appeal was due on August 31, 2005, but was not filed until September 23, 2005. 

On September 27, 2005, we notified Appellant’s counsel of our concern that we lacked jurisdiction over this appeal because the notice of appeal was not timely filed.  We informed counsel that the appeal was subject to dismissal unless we received a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 44.3.  Appellant’s counsel responded by filing a motion for extension of time to file the notice of appeal.  This motion explains that counsel had miscalendared the date the notice of appeal was due. 

In order for this court to grant a motion for extension of time to file a notice of appeal, both the notice of appeal and the motion for extension of time must have been filed within the 15-day extension period of rule 26.3.  
See
 
Tex. R. App. P.
 26.3; 
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because Appellant’s notice of appeal and the motion for extension of time were both untimely, we deny the motion.
(footnote: 2)
 A timely notice of appeal is essential to vest this court with jurisdiction.  
See Olivo
, 918 S.W.2d at 522.  Because Appellant’s notice of appeal was untimely, we have no jurisdiction over this appeal.  
See id.
 at 526.  Accordingly, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art.  11.07 (Vernon 2005); 
Portley v. State
, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); 
Reyes v. State
, 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.).