**Dismissed and Memorandum Opinion filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00338-CR

---

**JOSEPH W. HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1327618**

---

## M E M O R A N D U M   O P I N I O N

After a plea of guilty, appellant was convicted of the offense of aggravated robbery and sentenced to thirty years' confinement on August 2, 2012. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until April 4, 2013.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R.

App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant filed a pro se "out-of-time" notice of appeal and a request for out-of-time appeal with the trial court. If appellant is seeking an out-of-time appeal from his felony conviction, he must file his application for writ of habeas corpus with the Texas Court of Criminal Appeals. *See Reyes v. State*, 883 S.W.2d 291, 293 n. 2 (Tex. App.—El Paso 1994, no pet.).

If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Brown, Christopher, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).